IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **DETRAYVION MIMS,** § § § **Plaintiff,** § § **v.** § § **BANK OF AMERICA,** § § § **Defendant.** § § | **CIVIL ACTION NO. 6:23-CV-00581-JDK** |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Plaintiff DeTrayvion Mims initiated this action, proceeding pro se, on November 22, 2023. (Doc. No. 1.) Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. No. 2.) The court, having reviewed the allegations, finds that it has no basis for federal jurisdiction over the alleged claims because Plaintiff has not pleaded any facts plausibly invoking grounds for the court's jurisdiction.

**DISCUSSION**

In his complaint, Plaintiff sues Defendant Bank of America for failing to respond to or approve his car loan and credit card applications. (Doc. No. 1-1.) Plaintiff alleges that on July 4, 2023, he filed a car loan application with Bank of America and that on October 12, 2023, he filed a credit card application with Bank of America. (Doc. No. 1-2.) Plaintiff insinuates that both applications were denied, but that he did not receive adequate communication regarding the reason for denial from Bank of America. *Id.* Plaintiff states that he believes that this was a violation of his rights under the Federal Reserve Act. *Id.*

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Federal jurisdiction may be established through either federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1331–32. Federal question jurisdiction may be established in civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, Plaintiff cites the Federal Reserve Act presumably as a basis for federal jurisdiction. (Doc. No. 1-1.)  Specifically, Plaintiff cites to Section 16, parts 1 and 2, which deal with the issuance of notes by the Federal Reserve. *Id*. Plaintiff, however, is an individual, not a banking institution, and he has failed to allege how he would be personally entitled to any relief under this subsection of the Federal Reserve Act. For example, Plaintiff's allegations arise from the fact that he was denied credit applications; he does not allege that he is the holder of a federal reserve note. Moreover, courts have found that this section does not create a private right of action. *See, e.g., In re Tipton,* No. 3:22-MC-0004, 2022 WL 1028026, at *2 (S.D. Tex. Apr. 6, 2022) ("12 U.S.C. § 411, titled 'Issuance to reserve banks; nature of obligation; redemption,' governs the issuance of Federal Reserve notes and delegates to the Federal Reserve System the power to make clear that such notes are authorized currency of the United States … this statute does not provide a private cause of action."); *Villaplana v. Randazzo*, No. CV 16-8767, 2017 WL 5473453, at *2 (D.N.J. Nov. 14, 2017) (finding that Section 16 of the Federal Reserve Act does not provide a private right of action). Accordingly, Plaintiff fails to state a federal claim.

Federal subject-matter jurisdiction may alternatively be established based on diversity jurisdiction. 28 U.S.C. § 1332.  Diversity jurisdiction requires that: (1) no defendant is a citizen of the same state as any plaintiff; and that (2) the matter in controversy exceeds $75,000.  Here,

2

Plaintiff fails to allege his place of citizenship, though he has provided an address in Tyler, Texas. (Doc. No. 1.) Plaintiff has failed to list an address for Bank of America. *Id.* As such, Plaintiff's allegations are insufficient to establish jurisdiction based on diversity of citizenship. Moreover, Plaintiff's complaint does not allege the requisite amount in controversy. Indeed, Plaintiff seeks only injunctive relief in having his applications approved and to have the Federal Reserve Act enforced. (Doc. No. 1, at 5.) Plaintiff does not allege any facts to suggest that the amount of controversy would be greater than $75,000 in this case. Accordingly, the court lacks jurisdiction over these claims, and they should be dismissed without prejudice.

## CONCLUSION

For these reasons, the court finds that it does not have subject matter jurisdiction over Plaintiff's claims. As such, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3). It is therefore **RECOMMENDED** that this case be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 29th day of November, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE