IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DETRAYVION MIMS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:23-cv-581-JDK-JDL |
| BANK OF AMERICA, | § § § | |
| Defendant. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff DeTrayvion Mims, proceeding pro se, brings case against Defendant Bank of America. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the action

On November 29, 2023, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case without prejudice for lack of subject matter jurisdiction. Docket No. 4. Plaintiff filed written objections. Docket No. 7.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff argues that he is entitled to relief under the Cestui Que Vie Act. Docket No. 7 at 1. But federal question jurisdiction may be established in civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Cestui Que Vie Act, a 1666 Act of Parliament, is an English Law that plainly does not provide a basis for federal question jurisdiction.

To the extent Plaintiff is also invoking diversity jurisdiction, that argument fails. Diversity jurisdiction requires that: (1) no defendant is a citizen of the same state as any plaintiff; and (2) the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. In his objections, Plaintiff provides a California address for Defendant Bank of America and states that the amount being claimed is "300,000 and the open-ended credit card." Docket No. 7 at 1. But Plaintiff fails to state any factual basis for why he would be entitled to $300,000 from Bank of America. Plaintiff asserts that this number is based off of a calculation of 1% per day interest of an asset owned by Bank of America, but Plaintiff does not identify what this asset is. *Id*.

Even if the court were to accept these threadbare allegations as a basis for diversity jurisdiction in this case, Plaintiff's claim against Bank of America is still subject to dismissal.

Plaintiff's claim for relief appears to be couched in alleged violations of the Federal Reserve Act. Docket No. 1 at 5. As the Magistrate Judge explained, however, Plaintiff is an individual, not a banking institution, and he has failed to allege how

he would be personally entitled to any relief under the identified subsections of the Federal Reserve Act. Moreover, courts have found that Plaintiff's cited sections of the Federal Reserve Act do not create a private right of action. *See Harp v. Police & Fire Fed. Credit Union*, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023) ("[T]he imposition of civil penalties under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act."); *Payne, v. Spectrum, et al.*, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023) ("Neither Section 16 nor Section 29 provide Plaintiff with a private right of action and therefore cannot serve as a basis for federal question jurisdiction"); *Whyte v. Collins*, 2023 WL 5673121, at *2 (N.D. Tex. Aug. 14, 2023), *report and recommendation adopted*, 2023 WL 5673450 (N.D. Tex. Sept. 1, 2023); *Greathouse v. Hayes,* 2023 WL 6882227, at *2 (W.D. Mich. Sept. 15, 2023)*, report and recommendation adopted,* 2023 WL 6880195 (W.D. Mich. Oct. 18, 2023); *White v. Lake Union Ga Partners LLC*, No. 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (collecting cases).

Plaintiff has requested to proceed *in forma pauperis* in this case, which subjects his complaint to screening pursuant to 28 U.S.C. § 1915(e). Under § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
>     (i) is frivolous or malicious;

>> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Because Plaintiff's claims are brought pursuant to Federal Reserve Act sections that do not create a private cause of action, Plaintiff has failed to state a claim upon which relief can be granted. Although typically a pro se Plaintiff would be allowed an opportunity to amend his complaint, *see Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994), the Court finds no basis to permit amendment in this case. The Magistrate Judge's Report and Recommendation sufficiently notified Plaintiff that the cited basis for his claims—the Federal Reserve Act—does not create a private right of action. Docket No. 4 at 2. Yet Plaintiff failed to address this deficiency in his objections. Further, given the collective agreement that neither Section 16 nor Section 29 of the Federal Reserve Act creates a private right of action, any amendment would be futile. *See Cherry v. Mainous*, 608 F. App'x 301, 302 (5th Cir. 2015) ("the court need not permit amendment where it would be futile").

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 4) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **20th** day of **December, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE